%JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY, A Michigan corporation | PARENT CONSTRUCTION, INC. a Florida corporation; et al |

(b)  County of Residence of First Listed Plaintiff   **Ingham County, MI**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Indian River County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

William McFarlane, McFarlane & Dolan, 10394 W. Sample Road, Suite 201, Coral Springs, FL 33065, 954-340-0005

Attorneys (If Known)

Greg M. Casalino, Esq., O'Haire, Quinn & Candler, CHTD
311 Cardinal Drive, Vero Beach, FL 32963

(d) Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☑ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☑ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Re-filed- (see VI below)
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO      b) Related Cases ☐ YES ☐ NO

JUDGE                                    DOCKET NUMBER

## VII.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Title 28 of United States Code 2201 etseq, and Diversity Jurisdiction Title 28 of the United States Code 1332

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
May 13, 2011

FOR OFFICE USE ONLY

AMOUNT                RECEIPT #                IFP

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY., <br> a Michigan corporation <br> *Plaintiff* | ) <br> ) <br> ) |
| v. | )    Civil Action No. |
| PARENT CONSTRUCTION, INC., et al | ) <br> ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Joel L. Patterson Painting and Pressure Cleaning, Inc.
3156 1 RD
VERO BEACH FL 32968


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  William J. McFarlane, III, Esq.
McFarlane & Dolan
10394 W. Sample Road
Suite 201
Coral Springs, FL 33065


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY., a Michigan corporation | ) ) ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| PARENT CONSTRUCTION, INC., et al | ) ) ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Joel L. Patterson
3156 1 RD
VERO BEACH FL 32968

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  William J. McFarlane, III, Esq.
McFarlane & Dolan
10394 W. Sample Road
Suite 201
Coral Springs, FL 33065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY., a Michigan corporation<br>*Plaintiff*<br>v.<br>PARENT CONSTRUCTION, INC., et al<br>*Defendant* | )<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Tricia Jefferson
563 High Hawk Circle
Vero Beach, FL 32962

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William J. McFarlane, III, Esq.
McFarlane & Dolan
10394 W. Sample Road
Suite 201
Coral Springs, FL 33065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY., a Michigan corporation | ) ) ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| PARENT CONSTRUCTION, INC., et al | ) ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Tina Deonarine
6885 8th Street
Vero Beach, FL 32968

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William J. McFarlane, III, Esq.
McFarlane & Dolan
10394 W. Sample Road
Suite 201
Coral Springs, FL 33065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY., a Michigan corporation | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| PARENT CONSTRUCTION, INC., et al | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Brian J. Deonarine
6885 8th Street
Vero Beach, FL 32968

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William J. McFarlane, III, Esq.
McFarlane & Dolan
10394 W. Sample Road
Suite 201
Coral Springs, FL 33065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

SOUTHERN-OWNERS INSURANCE COMPANY.,
a Michigan corporation

*Plaintiff*

v.                                                      Civil Action No.

PARENT CONSTRUCTION, INC., et al

*Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Paul Parent
                                        612 BEACHLAND BLVD
                                        VERO BCH FL 32963

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:       William J. McFarlane, III, Esq.
                                        McFarlane & Dolan
                                        10394 W. Sample Road
                                        Suite 201
                                        Coral Springs, FL 33065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                  _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| SOUTHERN-OWNERS INSURANCE COMPANY., <br> a Michigan corporation | ) <br> ) <br> ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| PARENT CONSTRUCTION, INC., et al | ) <br> ) <br> ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Parent Construction, Inc.
612 BEACHLAND BLVD
VERO BCH FL 32963

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   William J. McFarlane, III, Esq.
McFarlane & Dolan
10394 W. Sample Road
Suite 201
Coral Springs, FL 33065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**
**Case No.:**

SOUTHERN-OWNERS INSURANCE COMPANY.,
a Michigan corporation,

          Petitioner,

vs.

PARENT CONSTRUCTION, INC.,
a Florida corporation; BRIAN J. DEONARINE,
in his individual capacity; TINA DEONARINE,
in her individual capacity; PAUL PARENT, in his
individual capacity; TRICIA JEFFERSON, in her
individual capacity; JOEL PATTERSON AND
PAINTING PRESSURE CLEANING, INC., a
Florida corporation; and JOEL L. PATERSON,
d/b/a JOEL L. PATTERSON PAINTING.

          Respondents.

_____ /

## PETITION FOR DECLARATORY RELIEF

      Petitioner, **SOUTHERN-OWNERS INSURANCE COMPANY,** a Michigan

Corporation, by and through its undersigned attorneys hereby files their Petition for

Declaratory Relief seeking this Court's declaratory judgment and relief against the

Respondents, and as grounds therefore would state:

## JURISDICTION AND VENUE

      1.     This is an action for declaratory relief pursuant to Title 28 of United States

Code § 2201 et seq, in that a present controversy exists between the parties hereto in

which the Petitioner requests that this Court adjudicate and determine the rights of the

parties to a policy of commercial general liability insurance.

2.     **SOUTHERN-OWNERS INSURANCE COMPANY** is and at all times material to this action was, a Michigan Corporation, whose principal place of business is located in Lansing, Michigan.

3.     At all times material to this action, **SOUTHERN-OWNERS INSURANCE COMPANY** was a duly licensed insurance company, authorized to issue insurance polices under Florida Law pursuant to Florida Statutes Chapter 624.

4.     At all times material to this action, **PARENT CONSTRUCTION, INC.**, was a corporation organized and existing under the laws of the State of Florida with its office and principal place of business located at 612 Beachland Boulevard, Vero Beach, Florida 32963.

5.     At all times material to this action, **BRIAN J. DEONARINE** and **TINA DEONARINE**, his wife, (herein after **"DEONARINE")** were natural persons of the age of majority and residents of Indian River County, Florida.

6.     At all times material to this action, **PAUL PARENT** was a natural person of the age of majority and a resident of Indian River County, Florida.

7.     At all times material to this action, **TRICIA JEFFERSON**, was a natural person of the age of majority and a resident of Indian River County, Florida.

8.     At all times material to this action, **JOEL PATTERSON AND PAINTING PRESSURE CLEANING, INC., and JOEL L. PATERSON, d/b/a JOEL L. PATTERSON PAINTING** (herein after collectively **"PATTERSON PAINTING")** was a corporation organized and existing under the laws of the State of Florida with their office and principal place of business located in Vero Beach, Florida.

9.     This is an action grounded upon the Federal District Court's diversity

jurisdiction by virtue of Title 28 of the United States Code, §1332, in that there exists complete diversity between the parties hereto and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees and costs.

10.    Venue is proper in the Southern District of Florida pursuant to Title 28 of the United States Code §1391(a) because at least one of the Respondents resides within the district and because a substantial part of the events giving rise to the claim occurred in the district.

## FACTUAL ALLEGATIONS

11.    On or about January 1, 2004 **SOUTHERN-OWNERS INSURANCE COMPANY** issued a commercial general liability policy to **PARENT CONSTRUCTION, INC.**, Policy No. 044682-72645701-08. An exemplary policy is attached and incorporated herein as Exhibit "A." Attached and incorporated herein as Exhibit "B," are the declaration pages for the policy periods 2004-2008.[1]

12.    At all times material **PAUL PARENT** was the owner and president of **PARENT CONSTRUCTION, INC.**

13.    On May 19, 2004 **PARENT CONSTRUCTION, INC.**, and **DEONARINE** entered into a contract/agreement for the construction of a new residence; located at 6885 8th St, Vero Beach, Florida 32968.

14.    At all times relevant to this matter **TRICIA JEFFERSON** was the bookkeeper for **PARENT CONSTRUCTION, INC.**

15.    **TRICIA JEFFERSON** was in charge of sending the invoices to

---

[1] The Policy of Insurance remained the same throughout years 2004-2008, because the policy was renewed annually we have included the declaration pages for 2004-2008.

**DEONARINE** for the costs of constructing the **DEONARINE'S** residence.

16.   On November 19, 2007, **PARENT CONSTRUCTION, INC.,** recorded a claim of lien for the amount of $196,741.88, in the public records of Indian River County, Florida specifically located in Book OR 2221 at page 200 against the **DEONARINE'S** residence.

17.   On or about November 14, 2008, **PARENT CONSTRUCTION, INC.,** filed a Complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, *Case Number 2008-2860CA17*, naming **DEONARINE** as Defendants, seeking to foreclose on the lien which they filed on November 19, 2007. A copy of the Complaint is attached and incorporated herein as Exhibit "C"

18.   On November 24, 2009, **TRICIA JEFFERSON** was deposed in the matter of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17,* in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.   Under penalty of perjury, **TRICIA JEFFERSON,** an employee of **PARENT CONSTRUCTION, INC.,** admitted to altering the financial documents and invoices, which were not only the basis for the lien filed on November 17, 2007 and were also submitted to **DEONARINE** for payment.

19.   On or about February 25, 2010, **DEONARINE** filed a counterclaim against **PARENT CONSTRUCTION, INC.,** for exaggerated or fraudulent claim of lien, discharge of lien, breach of contract and slander of title. **DEONARINE** also brought a slander of title count against **PAUL PARENT,** individually; a fraud claim against **PAUL PARENT,** individually and **TRICIA JEFFERSON,** individually. A copy of the counterclaim is

attached and incorporated herein as Exhibit "D".

20. At all times material hereto **PARENT CONSTRUCTION, INC.**, willfully exaggerated the amount claimed in the November 17, 2007 lien. Specifically, the lien included amounts that were not legally owed to **PARENT CONSTRUCTION, INC.**

21. At all times material hereto **PARENT CONSTRUCTION, INC.**, willfully included a claim for work not performed upon or material not furnished upon the property which the lien was sought to be impressed.

22. At all times material hereto **PARENT CONSTRUCTION, INC.**, compiled the claim of lien with willful exaggeration of the amounts for which the lien is claimed.

23. At all times material hereto **PARENT CONSTRUCTION, INC.**, was fully aware that the amount set forth in the claim of lien was willfully exaggerated and fraudulent in all respects and, despite this knowledge, did cause the claim of lien to be filed in the public records of Indian River County, Florida.

24. During the construction process of the **DEONARINE** residence, **PARENT CONSTRUCTION, INC.**, specifically **PAUL PARENT** signed and submitted AIA Document G702 to **DEONARINE**, also known as an Application and Certificate for Payment, in order to receive payment for work performed at the **DEONARINE** residence.

25. **PARENT CONSTRUCTION, INC.**, specifically, **PAUL PARENT**, certified the work covered by the Application for payment was completed in accordance with the contract and that the current payment shown in the Application was due. **PAUL PARENT** on behalf of **PARENT CONSTRUCTION, INC.**, signed the AIA Payment Applications with full knowledge that they contained artificially inflated and over billed

amounts.

26.     In the **DEONARINE'S** Counterclaim it is alleged that at all times material hereto the paint and stucco service and materials provided by **PARENT CONSTRUCTION, INC.,** were defective and not completed in a good and workmanlike fashion.

27.     **PARENT CONSTRUCTION, INC.,** subcontracted with **PATTERSON PAINTING** to provide painting and stucco services for the completion of the **DEONARINE'S** home.

28.     **PARENT CONSTRUCTION, INC.,** alleges that **PATTERSON PAINTING** negligently painted the **DEONARINE'S** residence before the stucco was ready to bond with the paint and did not follow the manufacturer's specifications.

29.     On or about November 10, 2010, **PARENT CONSTRUCTION, INC.,** filed a Third Party Complaint against **PATTERSON PAINTING** for common law indemnification, breach of contract and negligence in the underlining matter of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida. Attached and incorporated herein as Exhibit "E," is a copy of the Third Party Complaint.

30.     On or about April 14, 2010, **PARENT CONSTRUCTION, INC.,** submitted a Notice of Claim to **SOUTHERN-OWNERS INSURANCE COMPANY** for coverage based on the allegations contained in the February 25, 2010, counterclaim filed by **DEONARINE** against **PARENT CONSTRUCTION, INC.,** in the matter of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife,*

*Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.   A copy of the counterclaim is attached and incorporated herein as Exhibit "D".

31.   On or about June 2010, **SOUTHERN-OWNERS INSURANCE COMPANY**, under a reservation of rights, hired defense counsel, John Chiocca, Esquire to defend **PARENT CONSTRUCTION, INC.**, and **PAUL PARENT** in the underlying state court action of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida, specifically to Counterclaim filed by **DEONARINE** (see Exhibit "D").


## COUNT I – DECLARATORY RELIEF

32.   The Petitioner renews and reiterates all of the allegations contained in paragraphs 1 through 31 above as if copied herein.

33.   At all times material hereto, Petitioner's commercial general liability policy number 044682-72645701-08 states in its pertinent part:

"**SECTION 1- COVERAGES**

**COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**
   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any suit" seeking those damages. We may at our discretion investigate any claim or offense and settle any claim or "suit" that may result.
**2. Exclusions**
   **b. Material Published With Knowledge of Falsity**
Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

### d. Criminal Acts
Arising out of a criminal act of violation of a penal statute or ordinance committed by or at the direction of the insured.

### f. Breach of Contract
Arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

### h. Wrong Description of Priced
Arising out of the wrong description of the price of goods, products or services.

### *(endorsement) Exterior Finishing System and Stucco
This insurance does not apply to any claim, "suit", action or proceeding for "bodily injury", "property damage", "person injury" or "advertising injury" which is in any way related to or arising out of an "exterior finishing system" or exterior "stucco" application.

## EMPLOYEE DISHONESTY

### A. Coverage
We will pay for loss involving Covered instruments resulting directly from the Covered Cause of Loss.

### 1. Covered Property:
"Money", "securities" and "property other than money and securities".

### B. Exclusions

#### 1. Acts committed by You or Your Partners:
Loss resulting from any dishonest or criminal act committed by you or any of your partners whether acting alone of in collusion with other persons.

## FORGERY OR ALTERATION

### A. Coverage
We will pay for loss involving Covered instruments resulting directly from the Covered Cause of Loss.

### 1. Covered Instruments:
Checks, drafts, promissory notes, or similar written promises, order or directions to pay a sum certain in "money" that are:
a. Made or drawn by or drawn upon you;
b. Made or drawn by one acting as your agent; or
 that are purported to have been so made or drawn.

### 2. Covered Cause of Loss:
 Forgery or alteration or, on or in any Covered Instrument.

### B. Exclusions

#### 1. Acts committed by You or Your Partners:
Loss resulting from any dishonest or criminal act committed by you or any of your partners whether acting alone of in collusion with other persons.

#### 2. Acts of Employees, Directors, or Trustees:
We will not pay for loss resulting from any dishonest or criminal act committed by any of your "employees", directors, or trustees:
a. Whether acting alone or in collusion with other persons; or

b. Whether while performing services for your or otherwise.

**5. Legal Expenses:**

Expenses related to any legal action.

**ACCOUNTS RECEIVABLE**

**A. Under A. Coverage 4. Additional Coverages"**

**Accounts Receivable**

**We will pay:**

1. all amounts your customers owe you that you cannot collect;

3. collection costs in excess of normal;

**B. Exclusions**

**1. We do not cover loss caused directly or indirectly by any of the following, whether or not any cause of happening contributes concurrently or in any sequence to the loss:**

    **d.** Any dishonest act of:

        (1) you or your employees;

    **e.** Bookkeeping, accounting or billing errors or omissions.

    **f.** Falsification, alteration, concealment or destruction of **records done to conceal the wrongful giving, taking or withholding of money, securities or other property, The exclusion applies only to the extent of the wrongful giving, taking or withholding.**

**3. Except as to ensuing loss not otherwise excluded, we do not cover loss resulting directly or indirectly from:**

    **b.** Faulty, inadequate or defections:

        (1)construction, reconstruction, repair, remodeling or renovation;

        (2) materials used in construction, reconstruction, repair, remodeling or renovation;

        (3) design, workmanship, specification;

        of a part or all of any property.

34.    Under Florida law an insurance company's "duty to defend is determined solely by the allegations in the complaint." Pennsylvania Lumbermen's Mutual Insurance Company v. Indiana Lumbermen's Mutual Insurance Company, 43 So. 2d 3d 182, 186 (Fla. 4th DCA 2010) (citing McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 758 So. 2d 692, 695 (Fla. 4th DCA 1999).

35.    In the counterclaim filed by **DEONARINE** in, *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 2008-*

*2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida,   **DEONARINE** asserts claims against **PARENT CONSTRUCTION, INC.**, for fraud, breach of contract, slander of title and fraudulent claim of lien; against **PAUL PARENT**, in his individual capacity, for fraud and slander of title; and against **TRICIA JEFFERSON**, in her individual capacity, for fraud.

36.   Specifically, the **DEONARINE'S** allege the following:

a)   At all times material hereto, **PARENT CONSTRUCTION, INC.**, did willfully exaggerate the amount claimed in the lien.

b)   At all times material hereto, **PARENT CONSTRUCTION, INC.**, did willfully include a claim for work not performed upon or materials not furnished upon the property which the lien is sought to be impressed.

c)   At all times material hereto, **PARENT CONSTRUCTION, INC.**, compiled the claim of lien with such willful and gross negligence to be a willful exaggeration of the amounts for which the lien is claimed.

d)   At all times material hereto, **PAUL PARENT** was fully aware that the amount set forth in the claim of lien was willfully exaggerated and fraudulent in all respects and, despite this knowledge, did allow and cause the claim of lien to be filed in public records of Indian River County, Florida

e)   The amount set forth in the claim of lien is fraudulent in all respects.

f)   The paint and stucco service and material provided by **PARENT CONSTRUCTION INC.**, are defective and not completed in a good and workmanlike fashion and therefore are a breach of the contract.

g)   The fraudulent Claim of Lien impaired the marketability of the

disparaged title to the **DEONARINE'S** property in that the **DEONARINE'S** equity in the property was impaired.

h)     **PAUL PARENT** certified the work covered by the Application for Payment was completed in accordance with the contract and that the current payment show in the Application was due. **PAUL PARENT** signed the AIA Payment Applications with full knowledge that they contained artificially inflated and overbilled amounts and that they were not accurate.

i)     **TRICIA JEFFERSON**, individually and as an employee for **PARENT CONSTRUCTION, INC.**, altered multiple financial documents, including invoices from both **PARENT CONSTRUCTION, INC.**, and from multiple subcontractors, suppliers and materialmen, in an effort to cover up and hide previous artificially inflated and overbilled financial documents.

*(See Counterclaim which is attached and incorporated herein as Exhibit "D")*

37.     The alleged actions of **PARENT CONSTRUCTION, INC., PAUL PARENT** and **TRICIA JEFFERSON** set forth in the Counterclaim filed by **DEONARINE** are specifically excluded from insurance coverage under the commercial general liability policy    issued by **SOUTHERN-OWNERS INSURANCE COMPANY** to **PARENT CONSTRUCTION, INC.** (See exemplary policy number A44682-72645701-08 attached and incorporated herein as Exhibit "A.")

38.     Real and justifiable issues exist and, at this time, there exists a *bona fide* dispute regarding whether the insureds, **PARENT CONSTRUCTION, INC.**, and **PAUL**

PARENT were covered under the policy of insurance for the actions alleged in the DEONARINE'S counterclaim, and, therefore, entitled to the insurance coverage, specifically whether SOUTHERN-OWNERS INSURANCE COMPANY had a duty to defend and indemnify PARENT CONSTRUCTION, INC., PAUL PARENT and TRICIA JEFFERSON under this policy of insurance. As such Petitioner seeks a declaration of its rights and obligations under said policy of insurance.

39.     There exists an actual and present need for a declaration of rights under this policy of insurance. SOUTHERN-OWNERS INSURANCE COMPANY seeks to have the Court declare that, based on the allegations of the DEONARINE'S counterclaim and discovery conducted to date:

a)     No insurance coverage exists to the named insured, PARENT CONSTRUCTION, INC., or any of PARENT CONSTRUCTION, INC'S agents or employees.

b)     SOUTHERN-OWNERS INSURANCE COMPANY has no duty to defend PARENT CONSTRUCTION, INC., nor any of PARENT CONSTRUCTION, INC.'S agents or employees.

c)     SOUTHERN-OWNERS INSURANCE COMPANY has no duty to defend PAUL PARENT,

d)     SOUTHERN-OWNERS INSURANCE COMPANY has no duty to defend TRICIA JEFFERSON.

40.     Under Florida law an insurance company's "duty to indemnify is determined by the facts adduced at trial or during discovery." Pennsylvania Lumbermen's Mutual Insurance Company v. Indiana Lumbermen's Mutual Insurance

Company, 43 So. 2d 3d 182, 188 (Fla. 4th DCA 2010) (citing U.S. Fire Ins. Co. v. Hayden Bonded Storage Co., 930 So. 2d 686, 691 (Fla. 4th DCA 2006).

41.     On November 24, 2009, **TRICIA JEFFERSON** was deposed in the matter of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.  Under penalty of perjury, **TRICIA JEFFERSON**, an employee of **PARENT CONSTRUCTION, INC.**, admitted to altering the financial documents and invoices, which were not only the basis for the lien filed on November 17, 2007 but were also submitted to **DEONARINE** for payment.

42.     On October 14, 2009, **PAUL PARENT** was deposed in the matter of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.  Under penalty of perjury, **PAUL PARENT**, owner and president of **PARENT CONSTRUCTION, INC.**, admitted to signing the claim of lien for $196,741.88, filed with Indian River County against the **DEONARINE** residence for an amount owed. In signing said claim of lien, **PAUL PARENT**, as owner and President of **PARENT CONSTRUCTION, INC.**, swore that the **DEONARINE'S** owed **PARENT CONSTRUCTION INC.**, $196,741.88.

43.     **PAUL PARENT**, as owner and president of **PARENT CONSTRUCTION, INC.**, executed the fraudulent lien filed in the public records of Indian River County, Florida on November 17, 2007.

44.     **PAUL PARENT**, as owner and president of **PARENT CONSTRUCTION,**

**INC.**, approved, and executed every Application and Certificate for Payment (a/k/a AIA Document G702) submitted to the **DEONARINE'S** for payment.

45.    Discovery in the case of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17,* in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida, has shown that invoices and financial documents submitted by **PARENT CONSTRUCTION, INC.**, were fraudulent and altered.

46.    The actions of **TRICIA JEFFERSON**, acting as an employee of **PARENT CONSTRUCTION, INC.**, are specifically excluded from the commercial general liability policy **SOUTHERN-OWNERS INSURANCE COMPANY** issued to **PARENT CONSTRUCTION, INC**. See Exhibit "A"

47.    The actions of **PAUL PARENT** are specifically excluded from the commercial general liability policy **SOUTHERN-OWNERS INSURANCE COMPANY** issued to **PARENT CONSTRUCTION, INC**. See Exhibit "A".

48.    The actions of **PARENT CONSTRUCTION, INC.** are specifically excluded from the commercial general liability policy **SOUTHERN-OWNERS INSURANCE COMPANY** issued to **PARENT CONSTRUCTION, INC**. See Exhibit "A".

49.    **PARENT CONSTRUCTION, INC., PAUL PARENT,** and **TRICIA JEFFERSON**, are seeking indemnification under the commercial general liability policy **SOUTHERN-OWNERS INSURANCE COMPANY** issued to **PARENT CONSTRUCTION, INC.**, policy No. 044682-72645701-08.

50.    Real and justifiable issues exist and, at this time, there exists a *bona fide* dispute regarding whether the insureds, **PARENT CONSTRUCTION, INC.,** and **PAUL**

**PARENT,** and **TRICIA JEFFERSON** were covered under the policy of insurance for the actions alleged in the **DEONARINE'S** counterclaim, and, therefore, entitled to the insurance coverage, specifically whether **SOUTHERN-OWNERS INSURANCE COMPANY** has a duty to indemnify under this policy of insurance. As such Petitioner seeks a declaration of its rights and obligations under said policy of insurance.

51. As such there exists an actual and present need for a declaration of rights under this policy of insurance. **SOUTHERN-OWNERS INSURANCE COMPANY** seeks to have the Court declare that, based on the facts adduced during discovery:

a) **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to indemnify **PARENT CONSTRUCTION, INC.,** nor any of **PARENT CONSTRUCTION, INC.'S** agents or employees.

b) **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to indemnify **PAUL PARENT**.

c) **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to indemnify **TRICIA JEFFERSON**.

**WHEREFORE,** the Petitioner, **SOUTHERN-OWNERS INSURANCE COMPANY,** respectfully requests this Court to adjudicate the rights of the parties as set forth herein and demands judgment from the Court declaring the following:

a) That no insurance coverage exists in this matter to the named insured, **PARENT CONSTRUCTION, INC.,** or any of **PARENT CONSTRUCTION, INC.'S** agents or employees, in regards to any claim arising out of the facts herein or any claims arising out of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA*

DEONARINE, *his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

b)     **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to defend **PARENT CONSTRUCTION, INC.,** nor any of **PARENT CONSTRUCTION, INC.'S** agents or employees, in regards to any claim arising out of the facts herein or any claims arising out of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

c)     **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to defend **PAUL PARENT** in regards to any claim arising out of the facts herein or any claims arising out of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

d)     **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to defend **TRICIA JEFFERSON** in regards to any claim arising out of the facts herein or any claims arising out of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17*, in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

e)      **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to indemnify **PARENT CONSTRUCTION, INC.,** nor any of **PARENT CONSTRUCTION, INC.'S** agents or employees in regards to any claim arising out of the facts herein or any claims arising out of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17,* in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

f)      **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to indemnify **PAUL PARENT** in regards to any claim arising out of the facts herein or any claims arising out of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17,* in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

g)      **SOUTHERN-OWNERS INSURANCE COMPANY** has no duty to indemnify **TRICIA JEFFERSON** in regards to any claim arising out of the facts herein or any claims arising out of *PARENT CONSTRUCTION, INC., v. BRIAN J. DEONARINE and TINA DEONARINE, his wife, Case Number 20008-2860CA17,* in the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida.

DATED on this __16__ day of May, 2011.

McFARLANE & DOLAN
Attorneys for Petitioner
10394 West Sample Road, Suite 201
Coral Springs, Florida  33065
(954) 340-0005 Broward
(954) 340-0056 Facsimile

By: _____
      WILLIAM J. MCFARLANE, III, ESQUIRE
        Florida Bar No. 768601
      SUSETTE LUIS, ESQUIRE
        Florida Bar No. 56246